2010 DEC -6  PM 12: 00

BY_____

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

MICHAEL LEWIS,

                          Plaintiff,

vs.

BALL AUTOMOTIVE GROUP,

                          Defendant.

CASE NO. 10cv2297 BEN (WVG)

**ORDER DENYING MOTION TO PROCEED IFP AND DISMISSING COMPLAINT**

## INTRODUCTION

On November 8, 2010, Plaintiff Michael Lewis initiated this action against Defendant Ball Automotive Group. Plaintiff describes a series of unfortunate circumstances he has encountered or that are afflicting him in his one-paragraph Complaint. When filing his Complaint, Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP"). (Dkt No. 2.) For the reasons outlined below, the Court **DENIES** Plaintiff's IFP motion and **DISMISSES** the action without prejudice.

## DISCUSSION

I.    **Motion to Proceed IFP**

Section 1915 of title 28 of the United States Code provides that,

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

1      To proceed IFP, Plaintiff need not show that he is completely destitute. *Adkins v. E.I. DuPont*

2 *de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). He must, however, demonstrate his indigence with

3 "some particularity, definiteness, and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th

4 Cir. 1981) (per curiam).

5      Plaintiff has not met this burden. Plaintiff does not indicate whether he is employed; rather

6 he states that the question is not applicable. (Motion to Proceed IFP at 2.) He also fails to explain the

7 source of funds for his day-to-day expenses. (Motion to Proceed IFP at 3.) As a result, Plaintiff has

8 not demonstrated his indigence with certainty. *See McQuade*, 647 F.2d at 940. Accordingly, his

9 motion to proceed IFP must be denied.

10      Plaintiff's motion to proceed IFP is **DENIED**.

11    **II.**    **Sua Sponte Review**

12      Even if Plaintiff paid the filing fee or had sufficiently demonstrated his indigence, his

13 Complaint would still be dismissed. The Court is obligated to screen all cases filed IFP to determine

14 if the case "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see also*

15 *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (finding "section 1915(e) not only

16 permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a

17 claim"). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from

18 the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of*

19 *Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). The provisions of § 1915(e)(2)(B) are not limited to

20 prisoners. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

21      Plaintiff's Complaint does not state a claim for relief. Plaintiff just states a series of

22 unfortunate circumstances he has encountered or that are afflicting him in one paragraph. There is no

23 explanation how these circumstances give rise to a cause of action or how any of the circumstances

24 relate to the named Defendant. Because the Complaint fails to state any semblance of a cognizable

25 claim, the Court **DENIES** Plaintiff's motion to proceed IFP. The Complaint is **DISMISSED without**

26 **prejudice.**

27 ///

28 ///

10cv2297

1    ### III.    Leave to Amend

2         Courts generally grant leave to amend unless amendment would be futile. *Townsend v. Univ.*

3    *of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008). Although the Court has serious doubts about Plaintiff's

4    ability to state a claim, the Court will provide Plaintiff with an opportunity to file an amended

5    complaint. Plaintiff is granted 45 days leave from the date of the entry of this order to reinstate the

6    case by paying the $350 filing fee or submitting an amended IFP application **and** filing a First

7    Amended Complaint that cures the deficiencies identified by the Court and complies with Federal Rule

8    of Civil Procedure 8. Specifically, the First Amended Complaint must provide "a short and plain

9    statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PROC. 8(a)(2).

10   Plaintiff should indicate any statutes implicated by Plaintiff's claims and the facts supporting each

11   claim. Plaintiff must also indicate what relief he seeks from the court. FED. R. CIV. P. 8(a)(3).

12   Additionally, pursuant to Civil Local Rule 15.1, Plaintiff's First Amended Complaint must be

13   complete in itself without reference to the previously filed Complaint.

14                              **CONCLUSION**

15        For the reasons set forth above, the Court **DENIES** Plaintiff's motion to proceed IFP and *sua*

16   *sponte* **DISMISSES** the Complaint without prejudice. The case may only be reopened if Plaintiff

17   pays the required filing fee or submits a complete IFP application and files a First Amended Complaint

18   within **45 days** of the entry of this Order.

19

20   **IT IS SO ORDERED.**

21

22   DATED: 12/05/2010

23                                                                    Hon. Roger T. Benitez
                                                                      United States District Judge

24

25

26

27

28